NAKAGAKI CO. *v.* UNITED STATES

**No. 5372.**—Invoice dated Nagasaki, Japan, June 1, 1936.
Entered at Los Angeles, Calif., June 29, 1936.
Entry No. 11015.

(Decided August 1, 1941)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General (*Daniel I. Auster,* special attorney), for the defendant.

OLIVER, Presiding Judge: This appeal to reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed, by and between counsel for the respective parties hereto, subject to the approval of the court:

(1) That, at the time of exportation of the merchandise involved herein, which is marked on the invoice with the letter "A" and checked by examiner *GRG G. R. Gulick* such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, packed ready for shipment to the United States, at the invoice unit price, plus packing as invoiced; also, that at the time of exportation there was no higher foreign value for this merchandise.

(2) That, at the time of exportation of the above-described merchandise, no like or similar article, manufactured or produced in the United States, was being freely offered for sale for domestic consumption to all purchasers in the principal market of the United States, in the ordinary course of trade, and hence, the appraisements herein, insofar as they were made under authority of the Presidential proclamation published in TD 46158, were inapplicable to said merchandise.

(3) That the appeal is abandoned as to all other merchandise not hereinabove referred to and not marked as indicated above.

(4) That upon this stipulation this case may be deemed submitted.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that as to the merchandise represented on the invoice by the items marked A and checked by examiner GRG, G. R. Gulick, such value is the invoice unit price, plus packing as invoiced.

The appeal having been abandoned insofar as it relates to all other merchandise, to that extent the appeal is hereby dismissed. Judgment will be rendered accordingly.